UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:10-CR-414-T-17AEP

ANTHONY JOSEPH HENIG.

_____/

ORDER

This cause is before the Court on:

Dkt. 208    Motion to Amend/Correct Clerical Error

Defendant Anthony Joseph Henig, pro se, moves the Court to correct clerical errors in Defendant's PSR, pursuant to Fed. R. Crim. P. 36.

Defendant Henig requests the following corrections:

1.    Pars. 29 and 56 (Loss Amount):

Defendant Henig states that Defendant was charged with a loss of $4,480.35. At sentencing Defendant Henig objected to this loss amount and the objection was sustained. Defendant Henig states that the loss amount of $4,480.34 was not removed from Par. 56 of Defendant's PSR. Defendant Henig requests that this amount be removed from Par. 56.

2.    Pars. 33, 56, 106 (Loss Amount):

Defendant Henig states that Defendant was charged with a loss amount of $36,523.25. Defendant Henig states that this amount was objected to but Defendant did not receive confirmation of the result of the objection. Defendant Henig requests that $36,523.25 be removed from Par. 56.

Case No. 8:10-CR-414-T-17AEP

Defendant Henig states that the corrected loss amount in Par. 56 should be $180,520.84, and not $292,262.11.

3. Pars. 52 and 56 (Loss Amount):

Defendant Henig states that Defendant Henig was charged with the loss amount of $44,209.31. Defendant Henig requests that this loss amount be removed from Par. 56.

4. Pars. 92 through 100 (Criminal History):

Defendant Henig states that for the conduct in Pars. 92 through 100, the 12 criminal history points for this conduct should be changed to 3 criminal history points.

5. Pars. 102 and 103 (Criminal History):

Defendant Henig states that Defendant was given 6 criminal history points for this conduct, and should have been given 3 criminal history points.

6.. Par. 144:

Defendant Henig requests the following addition to Par. 144:

USSG Sec. 5G1.2 n ii, which states "Generally, multiple counts of 18 U.S.C. Sec. 1028A should run concurrently with one another in cases in which the underlying offenses (in this case bank fraud) are groupable under Sec. 3D1.2."

I. Standard of Review

The district court's application of Fed. R. Crim. P. 36 to correct its judgment at sentencing as a matter of law is subject to de novo review. Fed. R. Crim. P. 36 may not be used to make a substantive alteration to a criminal sentence.

Case No. 8:10-CR-414-T-17AEP

II. Background

Defendant Henig entered a plea of guilty to Counts One, Three, Nine and Twelve of the Indictment. (Dkt. 74). The Plea Agreement contains a provision waiving the right to appeal the sentence except under certain limited grounds, and the right to collaterally challenge the sentence. (*Dkt. 74, pp. 13-14).

Defendant Anthony Joseph Henig was sentenced on July 8, 2011. (Dkts. 123, 150):.

| | |
|---|---|
| Count One: | 56 months imprisonment (concurrent with Count Three)<br>60 months supervised release (concurrent)<br>Fine waived<br>Restitution $87,504.94 (concurrent)<br>Special Assessment $100.00 |
| Count Three: | 56 months imprisonment (concurrent with Count One)<br>36 months supervised release (concurrent)<br>Fine Waived<br>Restitution $87,504.94 (concurrent)<br>Special Assessment $100.00 |
| Count Nine: | 24 months imprisonment (consecutive to Counts One, Three)<br>12 months supervised release (concurrent)<br>Fine Waived<br>Restitution $87,504.94 (concurrent)<br>Special Assessment $100.00 |
| Count Twelve: | 24 months imprisonment (consecutive to Counts One, Three, Nine)<br>12 months supervised release (concurrent)<br>Fine Waived<br>Restitution $87,504.94 (concurrent)<br>Special Assessment $100.00 |

Case No. 8:10-CR-414-T-17AEP

> Forfeiture Money Judgment in the amount
> of $182,000. (Dkts. 74, pp. 8-10, Dkt. 124,
> joint and several with co-defendants Lange,
> Kirklin and Fields)

At sentencing, the Court sustained Defendant Henig's Objection to Paragraphs 29, 56, 74, 75, 81, 84 and 144 [USSG Secs. 2B1.1(b)(1) and 2B1.1(b)(2) - Amount of Loss and Number of Victims]. The Court stated in the Addendum:

"Def. Obj. is sustained. Govt. agrees with Defense. Granted. 7/8/2011."

The final paragraph of Probation's response to Defendant's Objection states:

> Should the Court sustain defense counsel's objection, the total offense level would become **20**, criminal history category **VI**, with a guideline range of **70** to **87** months as to Counts One and Three. The fine range would not change. "See PSR Par. 144."

The Court noted in PSR Par. 144:

> **Guideline Provisions:** Based on a total offense level of **20** and a criminal history category of VI, **the guideline imprisonment range is 70 - 87 months. The guidelines require an additional two year consecutive imprisonment sentence for Counts Nine and/or Twelve.** USSG Sec. 5G1.2(a).

At sentencing, the Court granted Defendant Henig's Motion for Downward Departure pursuant to USSG 5K2.23. (Dkts. 125, 126). The Court also granted Defendant Henig's motion for variance pursuant to 18 U.S.C. Sec. 3553(a)(1)-(7).

4

Case No. 8:10-CR-414-T-17AEP

On the Government's Motion, the Court granted the Motion to Dismiss Counts Two, Ten, Eleven and Thirteen of the Indictment.

An Amended Judgment was entered on September 29, 2011. The Final Judgment was amended only as to restitution details. The total Restitution is $110,511.99. (Dkt. 169). At the time of sentencing, the U.S. Probation Office had not received all restitution amounts and contact information from the victims.

III. Discussion

A. Objection to Loss Amount at Sentencing

The only objection reflected in the PSR is Defendant's objection to being held accountable for the conduct in Par. 29.:

> 29. Law enforcement's inventory search of Lange's vehicle and the residence Lange shared with Kirklin at the time of their arrest on December 15, 2008, located various pieces of stolen mail with 17 different addressees. This stolen mail included 18 checks dated from September 16, 2008, to December 11, 2008, totaling $4,480.35. These checks were stolen by Lange, Henig, and Kirklin from mailboxes belonging to various businesses throughout Florida.

The Court sustained Defendant's objection, and noted this on the PSR.

Par. 56 is a list of the losses for which Defendant Henig is held accountable. The loss item of $4,480.35 is included in the total loss amount of $292, 262.11; the total loss amount is reduced to $287,781.76.

5

Case No. 8:10-CR-414-T-17AEP

The Offense Level Computation is affected by Defendant's objection:

70. Defendant Henig was sentenced under the guidelines manual in effect on November 1, 2010.

71. Count One: Bank Fraud
USSG Sec. 2B1.1

 Count Three: Theft of Mail Matter
USSG Sec. 2B1.1

 Pursuant to USSG Sec. 3D1.2(d), Counts One and Three are grouped together based upon "the total amount of harm or loss," that is, the value of the mail matter stolen, and the value of the fraudulent checks and other fraudulent activities during their scheme.

72. Counts Nine and Twelve each violate 18 U.S.C. Sec. 1028A. Pursuant to USSG Sec. 2B1.6(a), "the guideline sentence is the term of imprisonment required by statute," and the sentencing guidelines "shall not apply"

73. Base Offense Level: Pursuant to USSG Sec. 2B1.1(a)(1):     7

74. Specific Offense Characteristics: The defendant is held accountable for a loss of $292,262.11. Therefore pursuant to USSG Sec. 2B1.1(b)(1)(G), there is a 12-level increase because the loss was more than $200,000, but not more than $400,000.     +12

 **No change**; after deducting $4,480.35, the loss still exceeds $200,000.

75. Specific Offense Characteristic: The offense involved at least 59 victims (**17 addressees in paragraph 29** from stolen mail recovered on

Case No. 8:10-CR-414-T-17AEP

|     |     |     |
| --- | --- | --- |
|     | December 15, 2008, 21 addresses in paragraph 52 from stolen mail recovered July 31, 2009, and 21 victims in paragraph 64) (According to USSG Sec. 2B1.1(b)(2)(B), there is a four-level upward adjustment because the offense involved 50 or more victims) | (+4) |
|     | Because the 17 addressees in paragraph 29 are deducted, the offense involves at least 42 victims. **Therefore, there is a two-level upward adjustment rather than a four-level upward adjustment** | +2 |
| 76. | Specific Offense Characteristics: sophisticated means | +2 |
| 78. | Victim Related Adjustment | 0 |
| 79. | Adjustment for Role in the Offense | 0 |
| 80. | Adjustment for Obstruction of Justice | 0 |
| 81. | Adjusted Offense Level | **23** |
| 82. | Adjustment for Acceptance of Responsibility | -2 |
| 83. | Additional Adjustment | -1 |

**Total Offense Level**                                                                  **20**

The Statement of Reasons reflects that the Court has adopted the PSR with the following change: "The Court found that the defendant was not involved in the conduct in paragraph 29; thereby reducing the number of victims and the total offense level is 20."

Case No. 8:10-CR-414-T-17AEP

After consideration, the Court **denies** Defendant Henig's Motion **as moot** as to Defendant's request to amend the PSR as to Par. 29. The Court included notations in the PSR that plainly indicate that $4,480.35 is not a loss for which Defendant Henig is held accountable. Par. 144 was amended by handwritten notations made at sentencing to state:

> 144. **Guideline Provisions:** Based on a total offense level of **20** and a criminal history category of VI, **the guideline imprisonment range is 70 - 87 months. The guidelines require an additional two year consecutive imprisonment sentence for Counts Nine and/or Twelve.** USSG Sec. 5G1.2(a).

B. Additional Amendments to Loss Amount

The PSR is silent as to Defendant Henig's requests for additional amendments to the loss amounts, $36,523.25, and $44,209.31. There is an absence of related changes to the number of victims.

After consideration, the Court concludes that Defendant Henig's request to amend additional loss amounts involve more than the correction of clerical errors, and therefore, as to Pars. 33, 52, 56, and 106, these requests are **denied**.

C. Criminal History Points

Defendant Henig now objects to Pars. 92 through 100, seeking three criminal history points rather than twelve, and Pars. 102 and 103, seeking three criminal history points rather than six criminal history points.

A change in criminal history points is a substantive change to the PSR. Fed. R. Crim. P. is to be used to correct clerical errors, where such errors are

Case No. 8:10-CR-414-T-17AEP

"minor" or "mechanical" in nature. United States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004). In other cases the Eleventh Circuit has held that errors as to prior convictions are not "minor" or "uncontroversial." Therefore, Rule 36 may not be used to correct such an error. See, e.g., United States v. Scott, 327 Fed. Appx. 850 (11th Cir. June 2, 2009)(unpublished); United States v. Ratliff, 735 Fed. Appx. 702 (11th Cir. Aug. 24, 2018)(unpublished).

Defendant Henig's PSR shows a total of 25 criminal history points. According to the sentencing table, (Chapter 5, Part A),13 or more criminal history points establish a criminal history category of VI. Even if the Court were able to grant a reduction of twelve criminal history points, Defendant Henig's criminal history is still 13 or more, therefore, Defendant Henig remains in a criminal history category of VI, giving a range of 70 to 87 months.

After consideration, the Court denies Defendant Henig's Motion as to Defendant's criminal history points.

C.     Request for Addition to Paragraph 144

Defendant Henig has requested that the Court add the following to Par. 144:

> USSG Sec. 5G1.2 n ii, which states "Generally, multiple counts of 18 U.S.C. Sec. 1028A should run concurrently with one another in cases in which the underlying offenses (in this case bank fraud) are groupable under Sec. 3D1.2."

In this case, the Court imposed a sentence of imprisonment on Count Nine (aggravated identity theft) that is consecutive to Counts One and Three, and imposed a sentence of imprisonment on Count Twelve (aggravated identity

Case No. 8:10-CR-414-T-17AEP

theft) that is consecutive to Counts One, Three and Nine.

The PSR accurately reflects that the guideline sentence is the term of imprisonment required by statute, and the sentencing guidelines shall not apply. (Par. 72). The PSR further reflects that, according to 18 U.S.C. Sec. 1028A(a)(1), (b)(2) and (b)(4), a two year consecutive term of imprisonment is required for Count Nine, and a consecutive or concurrent two year term is required for Count Twelve. (Par. 143).

The PSR further identifies factors that may warrant departure (Pars. 168, 169), and factors that may warrant a variance pursuant to 18 U.S.C. Sec. 3553(a)(1)-(7), either downward or upward.

The Statement of Reasons reflects that the Court exercised its discretion pursuant to grant a downward departure pursuant to a defense motion to which the Government did not object, to take a discharged term of imprisonment into account in a related state case (USSG Sec. 5K2.23). The Court granted a downward variance of fourteen months, which is the amount of time that Defendant Henig served for his prior conviction in 2009, considered relevant conduct under USSG Sec. 1B1.3, and explained the reason for the downward variance.

After consideration, the Court denies Defendant Henig's request to add to Par. 144, because the requested addition does not correct a clerical error. Accordingly, it is

Case No. 8:10-CR-414-T-17AEP

**ORDERED** that pro se Defendant Anthony Joseph Henig's Motion to Amend/Correct Clerical Error (Dkt. 208) is:

| | |
|---|---|
| Pars. 29, 56 | **denied as moot;** |
| Pars. 33, 56, 106 | **denied;** |
| Pars. 52, 56 | **denied;** |
| Pars. 92 - 100 | **denied;** |
| Pars. 102-103 | **denied;** |
| Par. 144 | **denied.** |

**DONE and ORDERED** in Chambers in Tampa, Florida on this 14th day of November, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

Pro Se Defendant:

Anthony Joseph Henig
No. 39491-018
FCI COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL  33521